## Shelley v. Killo et al.

*Linn H. Schantz*, for plaintiff; *Iobst & Gehringer*, for defendants.

HENNINGER, J., May 7, 1934.—Plaintiff sued defendants before Jesse W. Miller, a justice of the peace, who issued his summons, returnable February 21, 1934, and on that date held a hearing and rendered judgment in favor of plaintiff. On March 27, 1934, execution was issued on said judgment, and defendants' personal property was levied upon. On March 31, 1934, defendants applied to this court for leave to appeal nunc pro tunc, alleging the above facts and the further facts that defendants had no notice or knowledge of the rendition of the judgment and that they had a defense to the claim.

Defendants cite several cases in support of their claim, indicating that the defendants are entitled to notice of the rendition of judgment. These cases are good law for the proposition that a defendant is entitled to notice of the rendition of judgment where the decision is reserved indefinitely or the hearing indefinitely postponed. In none of these cases was the judgment rendered at the time fixed for the hearing or at an adjourned hearing of which defendant had notice.

On the other hand, we have been unable to place our hands on a decision definitely to the effect that no such notice is necessary where defendant fails to appear at a time certain of which he has notice, and judgment is then and there rendered against him. There are, however, many decisions which are inconsistent with any other doctrine and which take that principle for granted.

In Wenger & Brother v. Hartman, 22 Lanc. 61, the court held that where a defendant fails to appear at a hearing he is not entitled to notice of an adjournment, and said had he obeyed the summons, "he would have been present when the case was continued and known to what time it was continued."

In Mowery v. Mertz, 15 Dist. R. 346, the court held that when the parties mutually agreed to a continuance judgment was properly entered by default, since the defendant, by agreeing to the adjournment, had notice thereof.

In Cox v. McGill, 15 Dist. R. 571, it was held that where defendant had notice of continuance judgment by default was proper at that time.

In Benton et al. v. Freedom Township Supervisors, 18 D. & C. 355, the court held that it is well-settled law that the parties cannot defer the rendition of judgment without fixing at the time of the hearing a day certain for the render-

177

ing of judgment or later giving notice to the parties that on a date fixed judgment will be entered.

It seems, therefore, that the notice to which defendant is entitled is not notice that the judgment has been entered but notice of the time when it will be entered. The summons certainly serves that purpose. Following the Wenger case, supra, if defendants had obeyed the summons they would have known of entry of the judgment, and if they failed to appear they had no reason to hope or believe that judgment was not then entered and that they had 20 days' time from the date of hearing to perfect their appeal. To hold otherwise would prefer the defendant who does not see fit to appear above the one who, in obedience to the summons, appears and states his defense.

. Lack of notice of the entry of judgment is the only reason given for the allowance of an appeal nunc pro tunc. That failing, the court has no authority to exercise its discretionary power to relieve defendants.

In view of this opinion, it becomes immaterial, but it would seem that an application for an appeal nunc pro tunc is analogous to a rule to open judgment and that, therefore, it should not only state the existence of a defense but set forth its nature, so that the court may test its validity. Furthermore, a transcript of the record of the justice attached to the petition would aid in the determination of such an application.

Now, May 7, 1924, the rule to show cause why an appeal nunc pro tunc should not be granted is discharged at the costs of the petitioner.

From Edwin L. Kohler, Allentown, Pa.